UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:08-CR-00043-WC |
| ) | |
| ROBERT TROY FUNDERBURG ) | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Comes now the United States of America, by and through the undersigned Special Assistant United States Attorney, and submits the following proposed jury instructions pursuant to this Court's Order of July 2, 2008:

Respectfully submitted this the 7th day of July, 2008.

Respectfully submitted,

/s/ Emily M. Ruisanchez
EMILY M. RUISANCHEZ
Special Assistant United States Attorney
Soldier Service Center, Bldg. 5700
Fort Rucker, Alabama 36362
Telephone: (334) 255-9141
Fax: (334) 255-1869
E-mail: emily.ruisanchez@us.army.mil

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1**

<u>DUTY TO FOLLOW INSTRUCTIONS, PRESUMPTION OF INNOCENCE,
AND BURDEN OF PROOF</u>

It will be your duty to decide whether the Government has proven beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crime charged in the information. You must make your decision only on the basis of the testimony and other evidence presented here during the trial, and you must not be influenced in any way by either sympathy or prejudice for the Defendant or the Government.

You must also follow the law as I explain it to you, whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out or disregard any of the Court's instructions on the law.

The information against the Defendant is not evidence of guilty. Instead, the Defendant is presumed by law to be innocent until proven guilty. The law does not require a Defendant to prove his innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the Defendant not guilty.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ NOT GIVEN

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2

### REASONABLE DOUBT

Thus, while the Government's burden of proof is s strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable" doubt concerning the Defendant's guilt. A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all of the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, it is your duty to say so.


\_\_\_\_\_ GIVEN

\_\_\_\_\_ NOT GIVEN

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3**

<u>EVIDENCE – DIRECT AND CIRCUMSTANTIAL</u>

You must consider only the evidence that I have admitted in this case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything that the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence, you may take deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as and eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the Defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ NOT GIVEN

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4**

<u>EVALUATION OF TESTIMONY</u>

Now, saying you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary. In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions:

Did the person impress you as the one who was telling the truth?

Did he or she have any particular reason not to tell the truth?

Did he or she have any personal interest in the outcome of the case?

Did the witness seem to have a good memory?

Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

Did he or she appear to understand the questions clearly and answer them directly?

Did the witness' testimony differ from the testimony of other witnesses?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important facts; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people tend naturally to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or only with an unimportant detail.

_____ GIVEN

_____ NOT GIVEN

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5**

<u>DEFENDANT TESTIMONY</u>

As previously instructed, the law does not require a Defendant to prove his innocence or produce any evidence at all. However, if the Defendant takes the stand:

The Defendant testified, as he had a right to do. The law says you should not disregard his testimony just because he is the one on trial. Do not disregard his testimony just because he is the Defendant, but weigh it and evaluate it and measure it by the same standards that you did any other witness' testimony.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ NOT GIVEN

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6**

<u>CONFESSION</u>

When and if the Government offers testimony or evidence that a Defendant made a statement or admission to someone, after being arrested or detained, the jury should consider the evidence concerning such statement with caution and due care.

It is for you, the jury, to decide (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions you should consider all of the evidence about the statement, including the circumstances under which the Defendant may have made it.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ NOT GIVEN

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7**

<u>PUNISHMENT</u>

The question of punishment should never be considered by a jury in any way in deciding the case. If the Defendant is convicted, the matter of punishment is for the Judge to determine.

\_\_\_\_\_ GIVEN

\_\_\_\_\_ NOT GIVEN

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case No. 1:08-CR-00043-WC |
| ) | |
| ROBERT TROY FUNDERBURG ) | |

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Joseph Earl Sawyer Jr., Attorney for Robert Troy Funderburg, and I hereby certify that I have mailed by United States Postal Service the foregoing to the following non-CM/ECF participants: Robert Troy Funderburg.

    Respectfully submitted,

    LEURA GARRETT CANARY
    UNITED STATES ATTORNEY


    /s/ Emily M. Ruisanchez
    EMILY M. RUISANCHEZ
    Special Assistant United States Attorney
    Soldier Service Center, Bldg. 5700
    Fort Rucker, Alabama 36362
    Telephone: (334) 255-9141
    Fax: (334) 255-1869
    E-mail: emily.ruisanchez@us.army.mil